IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RAYMOND DARRELL BEABOUT, PRO SE, § <br> TDCJ-CID # 1052708, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Unidentified VICK ET AL., § <br> § <br> Defendants. § | 2:04-CV-0121 |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

On this day came for consideration plaintiff's untitled post-judgment letter/motion addressed to the United States Magistrate Judge by which plaintiff requests appointment of counsel. By this motion, plaintiff states he had earlier "established" the fact that he was too poorly educated to understand or respond to defense motions or court orders and says this was "verified" by a representative of the Windham School District. Plaintiff asserts the refusal to appoint counsel has deprived him of "any kind of a fair chance to present himself and his cause . . . ." Lastly, plaintiff stated that, at the June 29, 2005 hearing, he was instructed by the Magistrate Judge to send his summary judgment response directly to the Attorney General's office and that he did so.

On June 29, 2005, the Court conducted a hearing to consider and receive evidence concerning a letter plaintiff mailed to the United States District Judge requesting appointment of counsel and concerning defendant's motion for summary judgment.

During the hearing, plaintiff was placed under oath and testified that he was forty-eight years old, had worked as a truck driver for thirty years, had gone as far as the eleventh grade, and was seventeen years old when in the eleventh grade. Plaintiff further testified he had written Step 2 grievance no. 2003186541 signed by him on August 27, 2002, and submitted to the Court as an attachment to his October 14, 2004 response to the Court's Questionnaire, but he said he didn't know much about "court things" and couldn't defend himself in court. The

grievance was entered as an Exhibit. Plaintiff stated his E.A. grade showed him as functioning at the fourth grade level. Plaintiff also said that, according to TDCJ, his I.Q. is 81, but stated he had never taken an I.Q. test.

Lynette Herring was sworn and testified she had worked in adult education for over ten years, was principal of the Windham School at the Clements Unit, had been principal there for eight months, and had worked for the Windham School District for over eleven years. She reviewed plaintiff's grievance no. 2003186541 and opined that it demonstrated a fourth or fifth grade level of functioning. Ms. Herring also reviewed plaintiff's E.A., or Education Achievement, scores and noted they showed plaintiff operated at a fourth grade level, with a reading level at the fifth grade, and a language level at the second grade. She noted plaintiff had attended a literacy class and a cognitive intervention class for behavior modification. In response to the Court's inquiry, Ms. Herring explained the E.A. score measured the educational level at which the person functioned and stated that the average general population inmate functioned at a sixth grade level.

Based on the evidence presented at the hearing, the Magistrate Judge determined plaintiff had not shown an inability to set forth his claims for relief or shown that any extraordinary circumstances are involved which would justify the appointment of counsel without charge to plaintiff and, therefore, denied plaintiff's request for appointment of counsel.

The Court proceeded to consider defendants' motion for summary judgment; however, plaintiff stated he didn't understand all the papers and said he could not verify whether he had received a copy of the motion. At that point, the Court ordered defense counsel to read into the record the Affidavit of defendant VICK which was attached as Exhibit C to his motion for summary judgment, and plaintiff pulled out a copy of defendant's motion for summary judgment to silently read along with defense counsel. When this was observed by the Court, plaintiff stated he was reading the motion for summary judgment and admitted he had, indeed, received it. The Court continued to receive evidence and argument from both sides and, after the

hearing, issued an Order Memorializing Orders Issued from the Bench which set forth the oral rulings of the Court during the hearing as follows: (1) plaintiff's motion for appointment of counsel was denied; (2) plaintiff was given twenty days from the date of the hearing in which to file his response to defendant's motion for summary judgment; and (3) defendant was given ten days after the filing of plaintiff's response in which to file a reply to the response.

On August 26, 2005, after having allowed additional time for plaintiff to file a response to defendant's motion for summary judgment, the Magistrate Judge issued a Report and Recommendation to grant defendant's motion for summary judgment. The Report and Recommendation was adopted by the United States District Judge on September 19, 2005, the motion was granted, plaintiff's claims were dismissed, and Judgment issued accordingly.

Plaintiff's present representation, contained in his September 21, 2005 motion, that he has "established" his need for appointed counsel as a fact and that it was "verified by a representative of the Windham School District" is plainly inaccurate. Plaintiff's testimony was received and was considered along with that of Ms. Herring, as well as other evidence. By his present motion, plaintiff adds nothing new and has presented no reason for the Court to reach a different conclusion. Further, the instant cause has since been dismissed.

For all the reasons set forth above, plaintiff's post-judgment motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

ENTERED THIS 23rd DAY OF SEPTEMBER 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE